**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6477**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES NATHAN PIZER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:11-cr-00006-RAJ-TEM-1)

Submitted: September 13, 2021          Decided: September 17, 2021

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edward Fiorella, Jr., FRAIM & FIORELLA, P.C., Norfolk, Virginia, for Appellant. Raj Parekh, Acting United States Attorney, Alexandria, Virginia, Joseph Attias, Assistant United States Attorney, Richmond, Virginia, William D. Muhr, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Nathan Pizer appeals from the denial of his motion for compassionate release. On appeal, he asserts that the district court abused its discretion in determining that his medical conditions did not constitute an "extraordinary and compelling" reason for release in the context of the COVID-19 pandemic. He further contends that the district court erred in weighing the 18 U.S.C. §3553 sentencing factors. We affirm.

The district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), if "extraordinary and compelling reasons warrant such a reduction," upon a motion by the Bureau of Prisons' (BOP) Director or by the defendant after he has exhausted his administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1)(A)(i). When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021).

First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *High*, 997 F.3d at 186. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (citing cases). Next, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii); *High*, 997 F.3d at 186. Because there is "no 'applicable' policy statement governing compassionate-release

2

motions filed by defendants under the recently amended § 3582(c)(1)(A)," *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020), "district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise," *id.* (alteration and internal quotation marks omitted). Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors "in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *High*, 997 F.3d at 186; 18 U.S.C. § 3582(c)(1)(A). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Pizer contends that the district court abused its discretion by failing to rule that the § 3553 factors supported his release. We conclude that the district court was acting neither arbitrarily nor irrationally when it concluded that, despite Pizer's mitigating arguments, the § 3553(a) factors—specifically the seriousness of Pizer's crimes and criminal history, the necessity of promoting the respect for law and providing adequate deterrence, and protection of the community—all weighed against granting compassionate release, even were the court to find that Pizer faced heightened health risks due to COVID-19. This is especially true since "the district judge who considered [Pizer's] motion for a sentence reduction was the same judge who had sentenced him originally." *High,* 997 F.3d at 189 (brackets and internal quotation marks omitted).

3

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*